UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SYED AFIR JAFFREY, M.D.,

    Plaintiff,

  v.

THE ATLANTIC COUNTY
PROSECUTOR'S OFFICE, JAMES P.
MCCLAIN, DANEILLE S. BUCKLEY,
EGG HARBOR POLICE DEPARTMENT,
RAYMOND DAVID, and DET. HEATHER
STUMPF,

    Defendants.

CIVIL NO. 15-6937 (NLH) (KMW)

**MEMORANDUM OPINION
AND ORDER**

**APPEARANCES:**

NEAL WIESNER
THE WIESNER LAW FIRM
34 EAST 23TH STREET
6TH FLOOR
NEW YORK, NY 10010

    *On behalf of Plaintiff Syed Afir Jaffrey, M.D.*

**HILLMAN**, District Judge

    Before the Court is Plaintiff's *ex parte* motion[1] for an "Order to Show Cause with Temporary Restraints." Plaintiff requests that the Court enjoin Defendants from "prosecuting or otherwise proceeding against plaintiff in any criminal action

---

[1] Plaintiff advised the Court that he provided his adversaries with oral notice of his application for a TRO. No Defendants appeared at the hearing held by the Court on September 18, 2015. It is unclear what steps Plaintiff has taken to serve the Defendants formally with this motion and the complaint in this matter.

without probable cause." See Mot. for Temp. Restraining Order [Doc. No. 3-2]. For the reasons to be discussed, Plaintiff's motion is DENIED.

I.  BACKGROUND

Plaintiff is a neurologist practicing in Egg Harbor Township, New Jersey. Plaintiff alleges that on December 16, 2014, he called the Egg Harbor Township Police Department to report that one of his patients, Migdalia Ramos, attempted to extort money from him under threat of making a false complaint of sexual misconduct. Ms. Ramos had allegedly video recorded her medical visit with Plaintiff that day. Plaintiff alleges this video demonstrates no misconduct.

When the police arrived, the parties made cross-complaints against each other, though Plaintiff alleges his complaint was never pursued.

A few days later, Plaintiff was arrested at his office on charges including aggravated criminal sexual contact which allegedly occurred during the medical examinations of three individuals. As a result of the criminal complaints, Plaintiff's license to practice medicine was suspended.

Plaintiff filed a motion, now pending, in the Superior Court, Atlantic County, seeking to dismiss the charges against him for lack of probable cause. Plaintiff alleges Defendants have failed to consult a medical expert to determine whether his

2

procedures give rise to criminal charges.  Thus, Plaintiff alleges Defendants have acted with malice or deliberate indifference to his constitutional rights.

## II.  DISCUSSION

In deciding whether to issue a preliminary injunction, a district court must weigh four factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994).

In this case, Plaintiff fails to pass the first hurdle by showing he will succeed on the merits because, except in rare instances not present here, the Court must abstain from the issuance of injunctions directed to state court criminal proceedings.

Pursuant to the doctrine of abstention developed in Younger v. Harris, 401 U.S. 37 (1971), "federal courts should abstain from enjoining state criminal prosecutions because of principles of comity and federalism, unless certain extraordinary circumstances exist."  Campbell v. Somerdale Police Dep't, No. 15-3585 (RMB), 2015 WL 4508339, at *2 (D.N.J. July 24, 2015) (citing Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004)).

3

Three requirements must be met before a federal court can invoke the Younger abstention doctrine: (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of New York & New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992).  "Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff."  Id.

Here, Plaintiff's state court proceedings are criminal in nature and the allegations in his complaint concern constitutional rights violations.  Accordingly, Plaintiff's motion clearly implicates "the comity and federalism concerns Younger abstention prevents."  Campbell, 2015 WL 4508339, at *2.  Further, all three requirements for Younger abstention are satisfied.  There are ongoing state criminal proceedings in the Superior Court that are judicial in nature, the state proceedings implicate important interests related to appropriate medical procedures and alleged criminal sexual abuse, and the state proceedings afford Plaintiff an opportunity to raise his federal claims.  Additionally, there is no showing of bad faith prosecution, harassment, or a patently unconstitutional rule

4

that will cause irreparable injury to the plaintiff.[2]  For these reasons, Plaintiff's motion for preliminary injunction and a temporary restraining order is denied.

### III. CONCLUSION

Accordingly,

IT IS, therefore, on this 18th day of September 2015,

**ORDERED** that to the extent Plaintiff seeks an order "preliminary restraining and enjoining defendants" from proceeding against him in a criminal action in state court, that application is **DENIED**.[3]

                                    s/ Noel L. Hillman
                                    NOEL L. HILLMAN, U.S.D.J.
Date:  September 18, 2015
At Camden, New Jersey

---

[2] The two cases cited by Plaintiff in support of his argument that the Court should not abstain are distinguishable. Cullen v. Fliegner, 18 F.3d 96 (1994) did not involve a pendent state criminal proceeding.  In Shaw v. Garrison, 467 F.2d 113 (5th Cir. 1972) the plaintiff sufficiently demonstrated that his pendent state prosecution for perjury was made in bad faith.  Shaw was originally prosecuted for conspiracy related to the assassination of President John F. Kennedy but was found not guilty after a fifty-five minute jury deliberation.  Shaw testified in his own defense.  The State's only witness against Shaw was drugged and hypnotized, thus there was a serious question regarding the State's basis for prosecuting Shaw for conspiracy.  Accordingly, the district court found there was bad faith and harassment related to the subsequent perjury prosecution of Shaw for the testimony he gave in the preceding trial.

[3] As the Court indicated at oral argument, this application is denied on the present record.  Nothing in this Opinion precludes Plaintiff from renewing his application based upon new or additional facts if he may do so consistent with Rule of 11 of the Federal Rules of Civil Procedure.