```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


  SYED AFIR JAFFREY, M.D.,

            Plaintiff,
       v.                          CIVIL NO. 15-6937 (NLH/KMW)

  THE ATLANTIC COUNTY                         OPINION
  PROSECUTOR'S OFFICE, JAMES P.
  MCCLAIN, DANEILLE S. BUCKLEY,
  EGG HARBOR POLICE DEPARTMENT,
  RAYMOND DAVID, and DET. HEATHER
  STUMPF,

            Defendants.
```

**APPEARANCES:**

NEAL WIESNER
THE WIESNER LAW FIRM
34 EAST 23TH STREET
6TH FLOOR
NEW YORK, NY 10010
   *On behalf of Plaintiff Syed Afir Jaffrey, M.D.*

BENJAMIN HENRY ZIEMAN
STATE OF NEW JERSEY
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LAW & PUBLIC SAFETY
25 MARKET STREET
P.O. BOX 116
TRENTON, NJ 08625
   *On behalf of the Atlantic City Prosecutor's Office,*
   *Prosecutor James P. McClain, and Assistant Prosecutor*
   *Danielle S. Buckely*

A. MICHAEL BARKER
BARKER,GELFAND & JAMES
LINWOOD GREENE
210 NEW ROAD
SUITE 12
LINWOOD, NJ 08221
   *On behalf of the Egg Harbor Police Department, Chief*
   *Raymond Davis and Detective Heather Stumpf*

**HILLMAN**, District Judge

Before the Court are a plethora of motions. Plaintiff moved for a preliminary injunction [Doc. No. 8], the Atlantic City Prosecutor's Office, Prosecutor James P. McClain, and Assistant Prosecutor Danielle S. Buckely moved to dismiss [Doc. No. 19], the Egg Harbor Police Department, Chief Raymond Davis, and Detective Heather Stumpf moved to dismiss [Doc. No. 32], and Plaintiff filed a cross-motion for partial summary judgment as to liability [Doc. No. 40]. For the reasons to be discussed, and as also held in the Court's prior Memorandum Opinion and Order, Plaintiff's civil rights claims solely relate to his ongoing criminal proceedings in state court are therefore barred pursuant to Younger abstention. Accordingly, the Court will dismiss Plaintiff's complaint in its entirety.

I.  BACKGROUND

Plaintiff is a neurologist who practiced in Egg Harbor Township, New Jersey. Plaintiff alleges that on December 16, 2014, he called the Egg Harbor Township Police Department to report that one of his patients, Migdalia Ramos, attempted to extort money from him under threat of making a false complaint of sexual misconduct. Ms. Ramos allegedly surreptitiously recorded her medical visit with Plaintiff that day. Plaintiff alleges this video demonstrates no misconduct.

When the police arrived, the parties made cross-complaints against each other, though Plaintiff states his complaint was never pursued.  A few days later, Plaintiff was arrested at his office on charges including aggravated criminal sexual contact which allegedly occurred during the medical examinations of three individuals.

Plaintiff states that on December 23, 2014, three criminal complaints were issued against him and thirty-two additional complaints were issued on February 18, 2015.  Plaintiff was charged with twenty-three counts of criminal sexual contact.  Upon presentment to a grand jury on September 30, 2015, six counts were modified to disorderly person's offenses.  As a result of the criminal complaints, Plaintiff's license to practice medicine was suspended.

Plaintiff filed a motion in the Superior Court, Atlantic County, seeking to dismiss the charges against him for lack of probable cause, which was denied.  Plaintiff alleges Defendants have failed to consult a medical expert to determine whether his procedures give rise to criminal charges.  Thus, Plaintiff alleges Defendants have acted with malice or deliberate indifference to his constitutional rights.

On September 17, 2015, Plaintiff filed a three-count complaint in this Court alleging violations of his constitutional rights under the First, Fourth, Fifth and

Fourteenth Amendments (Count II), seeking a permanent injunction (Count I) and declaratory relief (Count III). On September 18, 2015, Plaintiff filed a motion for a temporary restraining order ("TRO") [Doc. No. 3] to enjoin any state criminal proceedings pursued against him. The Court heard the motion the same day and issued a Memorandum Opinion and Order [Doc. No. 4] denying the TRO because the Court must abstain, in most cases, from issuing injunctions directed to state court criminal proceedings. On September 29, 2015, Plaintiff amended his complaint. In brief, Plaintiff alleges that Defendants "have undertaken plaintiff's criminal prosecution in whole, or in overwhelming part, in bad faith and without probable cause." (Am. Compl. at 2 [Doc. No. 7].)

## II. JURISDICTION

In this case, Plaintiff alleges violations of his federal constitutional rights and brings claims pursuant to 42 U.S.C. § 1983. The Court exercises jurisdiction over Plaintiff's federal claims pursuant to 28 U.S.C. § 1331.

## III. DISCUSSION

Plaintiff has renewed his motion for a preliminary injunction. In deciding whether to issue a preliminary injunction, a district court must weigh four factors: (1) whether the movant has shown a reasonable probability of success on the merits; (2) whether the movant will be irreparably

4

injured by denial of the relief; (3) whether granting preliminary relief will result in even greater harm to the nonmoving party; and (4) whether granting the preliminary relief will be in the public interest. Gerardi v. Pelullo, 16 F.3d 1363, 1373 (3d Cir. 1994). In this case, Plaintiff again fails to pass the first hurdle by showing he will succeed on the merits because, except in rare instances not present here, the Court must abstain from the issuance of injunctions directed to state court criminal proceedings.

Pursuant to the doctrine of abstention developed in Younger v. Harris, 401 U.S. 37 (1971), "federal courts should abstain from enjoining state criminal prosecutions because of principles of comity and federalism, unless certain extraordinary circumstances exist." Marran v. Marran, 376 F.3d 143, 154 (3d Cir. 2004) (citation omitted). As a matter of both equity and comity, federal courts loathe interfering with pending state proceedings particularly in state criminal proceedings where a defendant may invoke federal constitutional protections. Sixth Angel Shepherd Rescue, Inc. v. Schiliro, 596 F. App'x 175, 177 (3d Cir. 2015) (citing Kugler v. Helfant, 421 U.S. 117, 124, 95 S.Ct. 1524, 44 L.Ed.2d 15 (1975); Evans v. Court of Common Pleas, Del. Cnty., Pa., 959 F.2d 1227, 1234 (3d Cir. 1992)).

Three requirements must be met before a federal court can invoke the Younger abstention doctrine: (1) there are ongoing

5

state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims.  Port Auth. Police Benev. Ass'n, Inc. v. Port Auth. of New York & New Jersey Police Dep't, 973 F.2d 169, 173 (3d Cir. 1992) (citation omitted).  "Whenever all three of these requirements are satisfied, abstention is appropriate absent a showing of bad faith prosecution, harassment, or a patently unconstitutional rule that will cause irreparable injury to the plaintiff."  Id.

Here, all three requirements for Younger abstention are satisfied.  As the Court explained in its prior Memorandum Opinion, there are ongoing state criminal proceedings in the Superior Court that are judicial in nature, the state proceedings implicate important interests related to appropriate medical procedures and alleged criminal sexual abuse, and the state proceedings afford Plaintiff an opportunity to raise his federal claims.

Plaintiff argues that an exception to Younger abstention should apply because the prosecution against him was made in bad faith and he is unable to have his constitutional claims heard in state court.  The Court rejects both of these arguments.  It is true that federal action is appropriate in cases of proven harassment or prosecutions undertaken by state officials in bad

6

faith without hope of obtaining a valid conviction or in other extraordinary circumstances where irreparable injury can be shown. Perez v. Ledesma, 401 U.S. 82, 85, 91 S.Ct. 674, 27 L.Ed.2d 701 (1971). Bad faith is shown, for example, where there is evidence of multiple unsuccessful prosecutions. See, e.g., Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (bad faith shown from unlawful searches and arrests despite a court order quashing arrest warrants and temporarily restraining prosecutions).

Plaintiff alleges that bad faith is shown because: most victim reports do not show a crime was committed,[1] Detective Stumpf did not have the medical knowledge to understand whether or not Plaintiff's procedures were medically appropriate, the Atlantic City Prosecutor's office has been unwilling to work cooperatively with Plaintiff with respect to his charges, Detective Stumpf did not challenge some of the victims' "racist" victim statements,[2] and Defendants allegedly informed the victims about their potential civil recovery in order to influence their testimony.

---

[1] Plaintiff states that "90%" of the victim interviews do not show sexual misconduct occurred. (Pl.'s Br. at 15 [Doc. No. 8].) The implications of that statistic are curious to the Court.

[2] According to Plaintiff, the racist statement was a reference by a patient to Plaintiff's wife as "that pain management girl." (Pl.'s Br. at 7.)

7

None of these allegations by Plaintiff show that the action was undertaken in bad faith without hope of obtaining a valid conviction or that the prosecution was motivated by a desire to discourage Plaintiff from exercising his constitutional rights. Plaintiff had thirty-five complaints made against him for criminal sexual contact. Further, there is no evidence that there have been multiple unsuccessful prosecutions.

As to Plaintiff's second argument, federal courts presume that state courts provide an adequate forum to hear constitutional claims and thus refrain from interfering with state proceedings unless the litigant shows there is some procedural barrier. Sixth Angel, 596 F. App'x at 177-78 (citing Gonzalez v. Waterfront Comm'n of N.Y. Harbor, 755 F.3d 176, 184 (3d Cir. 2014)). However, even where a state administrative judge refused to consider federal constitutional claims, the Third Circuit has "nonetheless required abstention when a litigant may raise those claims on appeal in state court." Id. at 178 (citing Gonzalez, 755 F.3d at 183-84 (collecting cases))." Here, Plaintiff argues he is now procedurally barred from challenging probable cause because his initial motion to dismiss his charges in state court was denied. (Pl.'s Cross-Motion at 5 [Doc. No. 40].) Plaintiff has not completed his state criminal proceedings nor exhausted his appeal remedies. Thus, at this time the Court cannot find that there is a

8

procedural barrier to the assertions of Plaintiff's constitutional claims. The Court is highly confident of the State's ability to hear all of Plaintiff's applicable defenses. Accordingly, the Court will not "slash[] into such a thicket of federal claims interwoven into a pending criminal prosecution." Sixth Angel, 596 F. App'x at 178.

For these reasons, Plaintiff's motion for preliminary injunction will be denied. Further, Plaintiff's complaint must be dismissed in its entirety pursuant to Younger. In its September 18, 2015 Memorandum Opinion and Order [Doc. No. 4], the Court determined that this action was barred by Younger, but that Plaintiff could refile his application if bad faith could be demonstrated. Plaintiff has had a second bite of the apple and has failed to make this showing.

In Younger, the Supreme Court held that federal courts may not enjoin pending state court criminal proceedings, even if there is an allegation of a constitutional violation and even though all jurisdictional and justiciability requirements are met. See 401 U.S. 37, 41-42 (1971). In subsequent cases, the Court has adopted the application of Younger to claims for declaratory and injunctive relief. See Samuels v. Mackell, 401 U.S. 66 (1971) (holding that the principles of Younger are fully applicable to requests for declaratory relief). Further, while the Supreme Court has yet to rule on the application of Younger

9

to monetary relief, the Third Circuit applies Younger abstention to bar damage suits as well. See Gwynedd Properties v. Lower Gwynedd Township, 970 F.2d 1195 (3d Cir. 1992); Williams v. Hepting, 844 F.2d 138 (3d Cir. 1988); Kalick v. Oaklyn Borough, No. 10-6229 (JBS), 2011 WL 3328841 (D.N.J. Aug. 2, 2011) (dismissing § 1983 claims, including claims for compensatory damages, pursuant to Younger).

Further, if Plaintiff is convicted of his charges, he cannot challenge the fact or duration of his confinement by means of an action under § 1983; rather he must exhaust his state remedies and then, if appropriate, file a federal habeas application. Preiser v. Rodriguez, 411 U.S. 475 (1973). Nor can he seek relief under § 1983 if this Court's adjudication would call into question the validity of his criminal conviction, unless his conviction first has been overturned on appeal or in state or federal collateral proceedings. Heck v. Humphrey, 512 U.S. 477 (1994). If he successfully defends the prosecution against him, then and not before then, may he seek to assert whatever claims become justiciable and ripe at that time. In the meantime, Plaintiff's challenge to any pending criminal charges arising out of the alleged facts must be dismissed without prejudice for failure to state a claim.

The Court is concerned that Plaintiff is attempting to use the federal court to frustrate and impede his state criminal

prosecution.  Absent exceptions determined to be inapplicable here, this Court does not adjudicate such matters during the pendency of state criminal proceedings.

**IV.  CONCLUSION**

Plaintiff has failed to show that an exception to Younger abstention applies to this case.  Accordingly, Plaintiff's motion for preliminary injunction [Doc. No. 8] and cross-motion for partial summary judgment on liability [Doc. No. 40] will be denied.  Defendants' motions to dismiss [Doc. Nos. 19, 32] will be granted and Plaintiff's complaint will be dismissed in its entirety.  An appropriate Order will be entered.

                                                 s/ Noel L. Hillman
                                             NOEL L. HILLMAN, U.S.D.J.

Date:  __April 8, 2016_____
At Camden, New Jersey

11